**Astried MANDARINI, Bruce Allen Resiwain, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–72225.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2013.

Filed March 25, 2013.

Kathleen Siok–Sien Koh, Esquire, Law Office of Kathleen S. Koh, Whittier, CA, for Petitioners.

Eric Warren Marsteller, Esquire, Trial, OIL, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WARDLAW and GOULD, Circuit Judges, and WOLF, Senior District Judge.*

---

\* The Honorable Mark L. Wolf, Senior District Judge for the U.S. District Court for the District of Massachusetts, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

---

country militates against a finding of past persecution or a well-founded fear of future persecution."). Mandarini failed to demonstrate that her return trips were motivated by any concerns that would compel a different conclusion. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1050 (9th Cir.2005).

Mandarini also failed to establish that her fear of future persecution on the basis of her ethnicity, religion, or involvement with the Front Kedaulatan Malaku ("FKM") was objectively reasonable. *See Zehatye*, 453 F.3d at 1186 (9th Cir.2006). Mandarini's evidence does not compel the conclusion that she is perceived as Moluccan, or that Moluccans are persecuted in Indonesia. She likewise failed to establish that her membership in the FKM will subject her to persecution in Jakarta. Further, the IJ's finding that country conditions in Indonesia have greatly improved since the height of interreligious violence occurred between 1999 and 2002 is supported by substantial evidence.

Finally, we note that the IJ properly reviewed Mandarini's asylum and withholding applications under the "disfavored group" analysis. *See Halim v. Holder*, 590 F.3d 971, 977–80 (9th Cir.2009). Although it is true that intervening decisions have held that Christians in Indonesia are a disfavored group, *see Tampubolon v. Holder*, 610 F.3d 1056 (9th Cir.2010), the IJ's finding that Mandarini failed to show sufficient "individualized risk" of persecution to qualify for asylum on this basis is supported by substantial evidence. *Halim*, 590 F.3d at 978.

That Mandarini failed to qualify for asylum necessarily makes her ineligible for withholding of removal. *See Zehatye*, 453 F.3d at 1190 ("[The] clear probability standard for withholding of removal is more stringent than the well-founded fear standard governing asylum."). Finally, Man-

darini produced no evidence that she would be tortured if returned to Indonesia, as required for relief under CAT. *See Halim*, 590 F.3d at 980 n. 7.

Accordingly, Mandarini's petition for review of her application for asylum, withholding of removal, and CAT protection is denied.

**DENIED.**